**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**AUGUSTA DIVISION**

| | |
|---|---|
| OLAPIDO K. BANJO<br><br>    Plaintiff,<br><br>vs.<br><br>SUNTRUST BANK<br>Successor by Merger to<br>FIRST NATIONAL BANK OF GWINNETT<br>and GB&T MORTGAGE, INC.,<br><br>    Defendants. | CASE NO.  CV110 100 |

**DEFENDANT SUNTRUST BANK'S MOTION: (I) TO DISMISS PLAINTIFF'S COMPLAINT FOR DAMAGES (DOCKET NO. 1) PURSUANT TO RULE 12(b)(1), (3), (4), (5), AND (6) OF THE FEDERAL RULES OF CIVIL PROCEDURE AND LOCAL RULE 9.1; OR, IN THE ALTERNATIVE, (II) FOR A MORE DEFINITE STATEMENT PURSUANT TO RULE 12(e) OF THE FEDERAL RULES OF CIVIL PROCEDURE; OR, IN THE ALTERNATIVE, (III) FOR CHANGE OF VENUE PURSUANT TO 28 U.S.C. § 1404(a) AND BRIEF IN SUPPORT**

COMES NOW SUNTRUST BANK ("SunTrust"), for itself and as successor by merger to both First National Bank of Gwinnett and GB&T Mortgage, Inc. and files this Motion: (I) to Dismiss Plaintiff's Complaint for Damages (Docket No. 1) Pursuant to Rule 12(b)(1), (3), (4), (5), And (6) of the Federal Rules of Civil Procedure[1] and Local Rule 9.1; or, in the Alternative, (II) for a More Definite Statement Pursuant to Rule 12(e) of the Federal Rules of Civil Procedure; or, in the Alternative, (III) for Change of Venue Pursuant to 28 U.S.C. § 1404(a) and in support thereof shows this Court as follows:

---

[1] All references to a "Rule" or "Rules" herein shall be to the Federal Rules of Civil Procedure unless otherwise noted.

## I.  MOTION

SunTrust moves this Court: (I) to dismiss the Complaint pursuant to Rules 12 (b)(1), (3), (4), (5), and (6) and Local Rule 9.1; or, in the Alternative, (II) for a More Definite Statement Pursuant to Rule 12(e); or, in the Alternative, (III) for Change of Venue Pursuant to 28 U.S.C. § 1404(a).

## II.  BRIEF IN SUPPORT OF MOTION

As discussed further below, SunTrust has not been properly served with the Complaint, or process.  Therefore, no responsive pleading or motion is due under Rule 12.  However, SunTrust is concerned that Plaintiff may mistakenly believe delivery by certified mail without a summons is sufficient service. Therefore, in order to avoid any potential confusion on the issue of service, responsive deadlines or any other issue in a case involving a *pro se* plaintiff, SunTrust files this Motion to move this matter toward an expeditious resolution.

### A.    Motion to Dismiss

### Rule 12(b)(1) and (2).

The Complaint should be dismissed for lack of subject matter jurisdiction.  The Complaint appears to allege only one cause of action, for "Unlawful Alteration of the Contract." (Docket No. 1, p. 3.)  This appears to amount to no more than a simple breach of contract action, which is insufficient to grant this Court subject matter jurisdiction. 28 U.S.C. §§ 1331, 1332 and 1367.  Plaintiff's allegations of jurisdiction rely only on facts alleging execution of a contract or deed of trust, which is insufficient to grant jurisdiction to this Court without diversity jurisdiction, which has not been alleged.  Plaintiff further alleges that "all defendants are entities, associations and or sub-corporations of the several unified under THE UNITED STATES, INC., and doing business in commerce within the state of TEXAS, which gives the court personal

2

jurisdiction over the defendants and Parties." (Docket No. 1, p. 2.)   Without admitting or denying whether any of the Defendants do business in the State of Texas, an allegation that the Defendants do business in the State of Texas is insufficient to give this Court personal jurisdiction.

Alternatively, Plaintiff may be attempting to allege a cause of action for violation of the Truth in Lending Act ("TILA"). (Docket No. 1, p. 2.)  To the extent Plaintiff attempts to allege a cause of action for an alleged violation of TILA, such claims fails to state a claim on which relief can be granted, and also fails to satisfy the specificity requirements of Local Rule 9.1, as discussed below.  If any cause of action based on an alleged violation of TILA is dismissed for failure to state a claim or lack of compliance with Local Rule 9.1, the remainder of the allegations in the Complaint are insufficient to confer subject matter jurisdiction to this Court.

**Rule 12(b)(4) and (5)**.

Plaintiff failed to serve SunTrust with any process, and therefore the Complaint should be dismissed under Rule 12(b)(4) and (5). First, because no summons was served on SunTrust, the process must be deemed insufficient.  Fed. R. Civ. P. 12(4).  Second, because no summons was served, the service of process is also insufficient.  Fed. R. Civ. P. 12(5).  Further, sending a copy of the Complaint, without a summons, by certified mail is not sufficient service of process.  Fed. R. Civ. P. 4(c)(1), 4(h)(1), and 12(5).   Also, no waiver of service under Rule 4(d) was sought or given.

Rules 4(c)(1) and 4(h)(1) require personal service of a summons and a copy of the Complaint on each defendant.  Plaintiff sent *via* certified mail a copy of the Complaint, without a summons, to a vice-president of SunTrust, who is not authorized to receive service of process. (*See* Affidavit of Anthony Povero, ¶ 4.)  SunTrust assumes this mailing was Plaintiff's attempt at service of process.   Sending the Complaint without a summons *via* certified mail, to an

ATLANTA:5248985.1

individual employee of a corporation not authorized to receive service of process, does not satisfy the requirement of Rule 4(h)(1)(A) or (B).   SunTrust has not been personally served. (Povero Aff., ¶ 5.)   No affidavit of service  has been filed of record as of August 25, 2010. Therefore, service of process is insufficient and the Complaint should be dismissed.

**Rule 12(b)(6)**.

The Complaint fails to state a claim on which relief can be granted and should be dismissed.   Plaintiff's Complaint lacks sufficient factual basis to state a claim for relief against SunTrust.   Plaintiff has failed to assert more than general legal conclusions to try to show that he has a claim against SunTrust.

Fed. R. Civ. P. 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  As the Supreme Court noted in *Ashcroft v. Iqbal*, "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007)).   Indeed, a pleading that offers nothing more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Id.* Although the Court must accept well-pled facts in a complaint as true, the Court is not required to accept as true a plaintiff's unsupported legal conclusions.  *Id.*  (noting that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions").   Accordingly, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations" in order to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6).  *Id.* at 1950; s*ee also Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252 (11th Cir. 2009).

4

As in *Twombly*, *Iqbal*, and *Sinaltrainal*, Plaintiff's Complaint fails to provide any factual allegations to support its legal conclusions.  Plaintiff fails to allege whether the loans at issue are commercial or consumer in nature, a critical fact for an alleged TILA violation.  *See e.g.* 15 U.S.C. §§ 1603(1), 1635(a).  In fact, Plaintiff lists eight properties in its opening paragraph.  By law, Plaintiff cannot have eight principal residences.  Nor does Plaintiff sufficiently identify the contract or contracts forming the basis of the Complaint.  Such bare assertions amount to nothing more than, if anything at all, a "formulaic recitation of the elements" of a TILA claim and fail to provide anything beyond unsupported legal conclusions.  While these legal conclusions can provide the framework for Plaintiff's Complaint, "they must be supported by factual allegations" to survive a motion to dismiss.  *See Iqbal*, 127 S. Ct. at 1950.

Plaintiff has not alleged any facts supporting a violation of TILA.  The conclusory statements in Plaintiff's Complaint are precisely the type of "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" that the Supreme Court has held are insufficient to state a claim for relief.  *See Iqbal*, 129 S. Ct. at 1949.  Plaintiff's Complaint fails to state a claim for relief against SunTrust because it does not provide anything other than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 127 S. Ct. at 1949.  Since Plaintiff offers no factual allegations to support the legal conclusions contained in his Complaint, this Court is not required to accept these legal conclusions as true.  Accordingly, the Complaint should be dismissed for Plaintiff's failure to state a claim upon which relief can be granted.

**S.D. Ga. Local Rule 9.1 and Rule 9**.

To the extent the Complaint alleges a violation of TILA, the Complaint fails to specifically state each alleged violation of TILA as required by Local Rule 9.1, which provides as follows:

ATLANTA:5248985.1

> LR 9.1 Special Pleadings. **All pleadings which allege violations of the Truth-in-Lending Act**, Regulation Z, RICO, and other similar statutes, whether federal or state, **shall specifically state each alleged violation**. If the pleading fails to comply with this Rule, upon motion duly made by any party to the proceeding, such pleading shall be dismissed without prejudice by the Court; provided, however, the party alleging such violation shall have fourteen (14) days from the date of the order in which to amend the pleading to conform with this Rule, or to inform the Court by written response to the motion why it should not be granted. For the purposes of this Rule, it shall not be necessary for the movant to file a brief supporting the motion, but it shall be sufficient if the moving party points out the non-compliance with this Rule….

S.D. Ga. LR 9.1 (bold emphasis supplied).  By rule, the Complaint must be dismissed.

To the extent Plaintiff is alleging claims in the nature of fraud, the Complaint fails to state such claims with the particularity required by law.  Fed. R. Civ. P. 9(b).

## B.  Motion for a More Definite Statement

Alternatively, if the Court does not dismiss the Complaint, SunTrust requests the Court grant its motion for an order to require Plaintiff to provided a more definite statement.  As can be seen from the discussions above, it is difficult to understand what causes of action are asserted by Plaintiff.  If the cause of action is for a violation of TILA or fraud, the Complaint fails to state a claim and fails to comply with Rule 9 and Local Rule 9.1.  If the Complaint asserts a cause of action for breach of contract, it fails to plead sufficient facts or law on which subject matter jurisdiction can be based.

If the Complaint is not dismissed, Plaintiff should be ordered to provide a more definite statement so that SunTrust has a clear understanding of allegations and can therefore respond appropriately.

## C.  Motion for Change of Venue

In the event the Court does not dismiss this lawsuit, SunTrust requests that the Court transfer this civil action to the United States District Court for the Northern District of Georgia,

ATLANTA:5248985.1

Atlanta Division.  This request is based on the convenience of the parties and witnesses and the interest of justice.  As alleged in the Complaint, the real property that served as collateral for the loans from SunTrust to Plaintiff's companies, and guaranteed by Plaintiff, lies in the counties of Clayton, DeKalb and Fulton, all in the Northern District of Georgia.  Further, Plaintiff's address as noted on the Complaint (Docket No. 1, p. 6) and on his change of address form (Docket No. 3, p. 1) show that Plaintiff's address is in Lawrenceville, Georgia, which is Gwinnett County, also in the Northern District of Georgia.

SunTrust's corporate headquarters are located in Atlanta, Georgia, Fulton County and the loans in question were originated in Atlanta, Georgia, Fulton, in the Northern District of Georgia.

The parties and witnesses are all located in the Northern District of Georgia.  Therefore, venue of this action is most appropriate in the United States District Court for the Northern District of Georgia, Atlanta Division.

This 27th day of August, 2010.

Respectfully submitted,

s/ Charles K. Reed
Charles K. Reed
Georgia Bar No. 597597
McKenna Long  & Aldridge LLP
Suite 5300
303 Peachtree Street, N.E.
Atlanta, Georgia  30308
Telephone:     (404) 527-4000
Facsimile:      (404) 527-4198
Email:  creed@mckennalong.com

Attorneys for SunTrust Bank

7

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION**

| | |
|---|---|
| OLAPIDO K. BANJO<br><br>        Plaintiff,<br><br>vs.<br><br>SUNTRUST BANK<br>Successor by Merger to<br>FIRST NATIONAL BANK OF GWINNETT<br>and GB&T MORTGAGE, INC.,<br><br>        Defendants. | CASE NO.  CV110 100 |

**CERTIFICATE OF SERVICE**

This is to certify that I have this day served a true, accurate and correct copy of the within and foregoing **Defendant SunTrust Bank's Motion to (I) Dismiss Plaintiff's Complaint for Damages (Docket No. 1) Pursuant to Rule 12(b)(1), (3), (4), (5), And (6) of the Federal Rules of Civil Procedure and Local Rule 9; or, in the Alternative, (II) for a More Definite Statement Pursuant to Rule 12(e) of the Federal Rules of Civil Procedure; or, in the Alternative, (III) for Change of Venue Pursuant to 28 U.S.C. § 1404(a)** upon the following by depositing a copy of same in the United States Mail, postage prepaid:

> Mr. Olapido K. Banjo
> P. O. Box 490670
> Lawrenceville, Georgia 30049

This 27th day of August, 2010.

> s/ Charles K. Reed
> _____
> Charles K. Reed
> Georgia Bar No. 597597
>
>
> Attorneys for SunTrust Bank