IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| OLAPIDO K. BANJO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 110-100 |
| | ) | |
| SUN TRUST BANK, Successor by merger | ) | |
| to First National Bank of Gwinnett, and | ) | |
| GB&T MORTGAGE, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff commenced the above-captioned case on July 27, 2010 and paid the $350.00 filing fee. Because he is proceeding *pro se*, the Court provided him with some basic instructions regarding the development and progression of this case. (Doc. no. 4.) In those instructions, the Court explained that Plaintiff is responsible for serving the defendants and explained how service could be accomplished. (Id. at 1.) Moreover, the Court specifically informed Plaintiff that under Fed. R. Civ. P. 4(m), he had 120 days from the filing of the complaint to accomplish service, and that failure to accomplish service could result in dismissal of individual defendants or the entire case. (Id. at 1-2.)

After the 120 days allowed for service had elapsed, and there was no evidence in the record that the defendants have been served, the Court directed Plaintiff to show cause why his case should not be dismissed without prejudice for failure to effect service. (Doc. no. 8.) Plaintiff did not respond to the Show Cause Order, and there is still no evidence in the record

of the defendants having been served.[1]

As the Court explained in its December 21, 2010 Show Cause Order, under Fed. R. Civ. P. 4(m), the courts have discretion to extend the time for service with no predicate showing of good cause. (Doc. no. 4, p. 2 (citing Henderson v. United States, 517 U.S. 654, 662-63 (1996), and Horenkamp v. Van Winkle and Co., Inc., 402 F.3d 1129, 1132 (11th Cir. 2005)).) Moreover, if a plaintiff fails to show good cause for failing to timely effect service, a court "must still consider whether any other circumstances warrant an extension of time based on the facts of the case." Lepone-Dempsey v. Carroll County Comm'rs, 476 F.3d 1277, 1282 (11th Cir. 2007). Nevertheless, the decision to extend the time for service is within the Court's sound discretion.

The Advisory Committee Note to Rule 4(m) provides some guidance as to factors that may justify an extension of time for service. Such considerations include if a defendant is evading service or if the statute of limitations would bar a refiled action. Horenkamp, 402 F.3d at 1132-33 (citing Advisory Committee Note to 1993 Amendment to Rule 4(m)). There

---

[1] The Court recognizes that Defendant Sun Trust Bank has filed a motion to dismiss in this case, which is premised in part on Plaintiff's failure to effect service. (Doc. no. 5.) In addition, Defendant Sun Trust Bank has submitted the affidavit of Anthony J. Povero, a Vice President employed by Defendant Sun Trust Bank. (Doc. no. 6, Povero Aff.) In his affidavit, Mr. Povero attests that on August 9, 2010, he received a copy of Plaintiff's complaint, which was addressed to him and sent via certified mail. (Id. ¶ 4.) Mr. Povero further states that he has twice checked with Defendant Sun Trust Bank's registered agent for service department and has verified that Defendant Sun Trust Bank has not been personally served with Plaintiff's complaint or any other documents in this case. (Id. ¶ 5.) In addition, Defendant Sun Trust Bank makes clear that Plaintiff has not requested waiver of service or effected service of a summons. (Doc. no. 5, p. 3.) Because sending a copy of a complaint to a corporate defendant's officer via certified mail does not suffice for adequate service of process, see Fed. R. Civ. P. 4(c)(1) & (h)(1), nothing in Defendant Sun Trust Bank's filings alters the Court's conclusion that the record contains no evidence of service on either defendant.

is no evidence of either factor in this case. Furthermore, Plaintiff's failure to communicate with the Court regarding his inability to effect service of process upon the defendants is indicative of an abandonment of his claims, rather than excusable neglect or any other reason to further extend the time for service.

The Court has warned Plaintiff on two separate occasions that failure to effect service upon the defendants would lead to dismissal of his claims. (See doc. nos. 4, 8.) Fed. R. Civ. P. 4(m) directs that, should a plaintiff fail to timely effect service, the Court "shall dismiss the action without prejudice." Accordingly, in the absence of *any* reason to further extend the time for service, it is appropriate to recommend the dismissal of Plaintiff's case. The Court therefore **REPORTS** and **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** without prejudice for failure to timely effect service, and that this civil action be **CLOSED**. See Schnabel v. Wells, 922 F.2d 726, 728-29 (11th Cir. 1991).

SO REPORTED and RECOMMENDED this 20th day of January, 2011, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

3